*R. D. Walpole*, for the appellee.

---

## Abdill and Others *v.* Hamilton.

Where real estate is sold on credit, and bond is given for title, upon the payment by the purchaser of certain notes, and said notes have all become due and remain unpaid, the obligor in the bond should first tender a deed to the purchaser, and then sue upon all the notes unpaid, and not a part only.

APPEAL from the *Fountain* Circuit Court.

*Per Curiam.* John *Hamilton* executed to *Abdill and Mc-Campbell* a title bond, dated October, 1859, and conditioned that he should execute to them a deed for a tract of land, on their payment to him of three promissory notes, one for six hundred and fifty dollars, due January 1st, 1860; one for three hundred and twenty-five dollars, due July 1st, 1860; one for a like sum, due January 1st, 1861.

All of the first note has been paid but one hundred and fifty dollars, for which sum another note, on three years time, was taken, as stated below.

All of the second note has been paid.

This suit was commenced in March, 1861, upon the last note.

No deed had been tendered before suit.

The Court below gave judgment for the plaintiff.

The Court did this on the ground that an extension of time had been given on the one hundred and fifty dollars balance due on the first note, till 1864; and upon the reasoning that such extension also had the effect to extend the time of performance of the condition of the bond without any agreement to that effect. This may be doubtful; but it is not material that we should decide the point now, as the Court was wrong upon its assumption of fact. The time assumed to have been given on the one hundred and fifty dollars of the first note was not, in fact, given. It was only conditionally given. No alteration was made in the terms of the six hundred and fifty dollar note. It was not given up as cancelled, upon receiving the new conditional note given for the balance due on it; but *Hamilton* agreed with *Abdill and McCampbell* that if they would, in a reasonable time, do a certain thing, time should be given, and the note for the six hundred and fifty dollars, on which the one hundred and fifty dollars balance was unpaid, should be given up. They did not do that thing. They did not accept and comply with the condition. The balance of the six hundred and fifty dollar note remained due; the new conditional note for the one hundred and fifty dollars never became absolute, but became void, and the note sued on still stood as the last one for the purchase money.

*Hamilton* should have tendered a deed, and then included in the single suit both notes remaining unpaid. The law abhors multiplicity of suits.

This disposes of the case, and other questions need not be examined.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*J. N. Evans,* for the appellant.